UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Charles White,
  *Plaintiff*,

  v.

Francis McDermott, et al,
  *Defendants*.

Civil No. 3:08cv634 (JBA)

November 4, 2010

RULING ON MOTION FOR JUDGMENT

  Plaintiff Charles White sued Hamden police officers Franklin Riehl, Stephen Rossacci, John Sullivan, and Francis McDermott for excessive force pursuant to 42 U.S.C. § 1983 and for common law intentional assault. A jury returned a verdict on the assault count in favor of all four Defendants and on the excessive force count in favor of Riehl, Roasscci, and Sullivan. The jury was unable to reach a verdict on Plaintiff's excessive force claim against McDermott, and a mistrial was declared on that count. Defendant McDermott now moves for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b).

  It is undisputed that the four Defendants entered Plaintiff's mother's home to apprehend Plaintiff, and that Riehl deployed his taser and McDermott deployed his dog on Plaintiff nearly simultaneously. Whether McDermott's dog continued to bite Plaintiff and whether Plaintiff was subjected to other physical force after he was subdued was disputed at trial. Val White, Plaintiff's brother, testified that he saw the police dog "chewing" on Plaintiff's leg while Plaintiff was lying face down with his hands behind his back. By contrast, McDermott testified that after Plaintiff was subdued and handcuffed, he ordered the dog to release Plaintiff. Additionally, although McDermott testified that the dog only bit once, the jury was shown images of Plaintiff's legs, which had several scars that could have been caused by multiple dog bites.

Judgment as a matter of law may be rendered only if "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a)(1). A renewed Rule 50(b) motion will be granted "only if the evidence, drawing all inferences in favor of the non–moving party and giving deference to all credibility determinations of the jury, is insufficient to permit a reasonable juror to find in h[is] favor." *Lavin–McEleney v. Marist College*, 239 F.3d 476, 479 (2d Cir. 2001). Thus, "judgment as a matter of law should not be granted unless (1) there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or (2) there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded [persons] could not arrive at a verdict against [it]." *Id.* at 480 (quoting *DiSanto v. McGraw-Hill, Inc.*, 220 F.3d 61, 64 (2d Cir.2000)). A movant under Rule 50 "faces a high bar." *Id.* at 479.

McDermott now claims both that the jury's verdict against Plaintiff on Plaintiff's claim that the officers failed to intervene to prevent an unconstitutional use of force forecloses the possibility that a jury could also determine that he used excessive force by deploying the dog and that he is entitled to qualified immunity.

As an initial matter, Plaintiff argues that McDermott's Rule 50(b) motion should be denied because he failed to raise this claim in his Rule 50(a) motion made before a verdict was returned. Rule 50 "allows a party to request judgment as a matter of law after the trial under Fed. R. Civ. P. 50(b) only if it sought such relief before the jury retired to deliberate under Fed. R. Civ. P. 50(a)(2), and limits the permissible scope of the later motion to those grounds "specifically raised in the prior motion for [judgment as a matter of law]." *Provost v. City of Newburgh*, 262 F.3d 146, 161 (2d Cir. 2001). However, McDermott's motion claims that the jury's verdict necessitates judgment as a matter of law, an argument McDermott obviously could not have raised *before* a verdict entered.

Therefore, McDermott is not precluded from making this new argument in the present Rule 50(b) motion.

McDermott first argues that the jury's determination that neither Riehl, Rossacci, nor Sullivan failed to intervene means that the "jury did not find that the police dog bit the plaintiff after he was handcuffed because again, if that were the case, they could not have found in favor of the other officers in light of the affirmative duty to intervene." However, to establish failure to intervene, a Plaintiff must prove the existence of a "realistic opportunity to intervene to prevent the harm from occurring," in addition to knowledge that excessive force is being used, *see Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994), and the jury's verdict may have reflected only its conclusion that the other officers did not have a reasonable opportunity to intervene, rather than a determination that no excessive force was used. Defendants' citation to *Thomson v. Salt Lake County*, in which the Tenth Circuit held that the use of a police dog is not *per se* unconstitutional, 584 F.3d 1304, 1315 (10th Cir, 2009), misapprehends Plaintiff's claim. Plaintiff does not argue that there exist no circumstances in which a police dog may be used; rather Plaintiff claims that the use of a police dog on him simultaneously with the taser and after he was subdued and in police control constituted unreasonable force. The disputed circumstances about Defendant McDermott's deployment of his dog remain and warrant denial of Defendant's motion for judgment on this basis.

Next, McDermott raises a qualified immunity defense to Plaintiff's excessive force claim. Qualified immunity protects a defendant if "(1) his conduct does not violate a clearly established constitutional right, or (2) it was 'objectively reasonable' for the officer to believe his conduct did not violate a clearly established constitutional right." *Hartline v. Gallo*, 546 F.3d 95, 102 (2d Cir. 2008) (citations omitted). McDermott notes again that deployment of police dogs is not *per se* unconstitutional and contends that because Plaintiff advanced on the police officers with a knife,

3

it was objectively reasonable for him to deploy the dog. Whether or not it was objectively reasonable for McDermott to deploy the dog initially, Val White testified that the dog was not called off after Plaintiff was subdued, conduct which could be objectively unreasonable because at that point, Plaintiff no longer "pose[d] an immediate threat to the safety of the officers or others" and was not "actively resisting arrest or attempting to evade by flight." *See Graham v. Connor*, 490 U.S. 386, 397 (1989).

Because the jury's verdict does not preclude a determination that McDermott's use of the dog was excessive force, and in light of the controverted evidence from Val White that the dog deployed by McDermott and in his control continued to "chew" on Plaintiff's leg after Plaintiff was subdued, qualified immunity has not been established based on undisputed facts, and the excessive force count against Defendant McDermott must be re–tried. Therefore, Defendant's Rule 50(b) motion is DENIED.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 4th day of November, 2010.