UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Charles White,<br>  *Plaintiff,*<br><br>  v.<br><br>Francis McDermott,<br>  *Defendant.* | Civil No. 3:08cv634 (JBA)<br><br><br><br>November 19, 2010 |

RULING ON MOTION TO PRECLUDE DISCLOSURE OF EXPERT WITNESS

  Defendant Francis McDermott seeks a ruling that Plaintiff Charles White is prohibited from disclosing any new expert witness for the retrial of White's excessive force claim against McDermott.

I. Background

  In the trial of Plaintiff Charles White's Section 1983 excessive force and common–law assault claims against Hamden police officers Franklin Riehl, Stephen Rossacci, John Sullivan, and Francis McDermott, the jury returned a verdict on the assault count in favor of all four Defendants and on the excessive force count in favor of Riehl, Rossacci, and Sullivan. The jury was unable to reach a verdict on Plaintiff's excessive force claim against McDermott, and a mistrial was declared on that count. A new trial was scheduled for January 18, 2011 on the remaining claim that McDermott used excessive force in deploying his police dog simultaneously with another officer's taser deployment and in failing to call off the dog after Plaintiff was subdued.

  The deadline for serving Plaintiff's expert reports for the first trial obviously pre–dated the first trial and has long passed. Now, for retrial, Plaintiff seeks to offer an expert medical witness on the causal relationship between the dog bites and a subsequent

cellulitis condition. Plaintiff never sought to disclose such an expert for the first trial and instead unsuccessfully attempted to admit copious medical–treatment records that included references to cellulitis that were excluded in the absence of a causation expert who could testify to the meaning and significance of the records.

After trial, Defendant moved for judgment as a matter of law on the remaining count as to McDermott, which the Court denied on November 4, 2010. During a scheduling conference on November 8, 2010, Plaintiff's counsel for the first time declared his intention to disclose an expert medical witness to testify during the new trial that Plaintiff's cellulitis was caused by injuries he received from Defendant's dog. Defendant now moves to preclude Plaintiff's disclosure of any expert.

II.     Discussion

Defendant argues that because Plaintiff did not timely disclose any experts by the disclosure deadlines set for the first trial, and since even more time has now passed, any expert disclosures for the second trial would be prejudicial to Defendant. Plaintiff responds that the new trial is a "stand alone trial" and that the Court should exercise its discretion to allow a medical expert on cellulitis, noting that Defendant has known since before the original trial that cellulitis was a claimed damage and that Plaintiff has not been purposefully evasive or dilatory.

The "district court has broad discretion in its control and management of [a] new trial. Decisions respecting the admission of additional witnesses and proof should be guided by considerations of fairness and justice to all parties." 11 C. Wright, A. Miller, & E. Cooper, *federal Practice & Procedure* § 2803; *see also, e.g., Yong ex rel. Yong v. The Nemours Foundation*, 432 F. Supp. 2d 439, 441 (D. Del. 2006) ("[A]s a general rule, a retrial should not

involve the addition of new issues, evidence, or witnesses. However, this general rule does not foreclose a party from demonstrating that an exception may be warranted in the appropriate circumstances."); *Hoffman v. Tonnemacher*, No. CIV F 04–5714(AWI)(DLB), 2006 WL 3457201, * 2 (E.D. Cal. Nov. 30, 2006) ("With respect to retrials, district courts have the discretion to admit or exclude new evidence or witnesses on retrial.").

In exercising their discretion to permit new expert witnesses after a mistrial, courts have looked to the prejudice the party seeking to preclude expert disclosures would face if new experts were permitted to testify, and whether the new experts would complicate trial and raise new matters that were not at issue during the first trial. For instance, in *Yong ex rel.*, the court permitted the plaintiffs to disclose a pediatric cardiac surgeon as a new expert for the retrial, recognizing that the plaintiffs were attempting to "address a perceived weakness in their case." During the first trial, defendant Nemours "properly challenged the Yongs' expert witness [an anesthesiologist] concerning his qualifications to opine on the conduct of a surgeon," and the plaintiffs sought to replace him with an expert who was a surgeon for the second trial. *Id.* The court determined that the defendant would not suffer prejudice given that the new expert would address the same issue the plaintiffs' expert in the first trial had addressed, "specifically the appropriateness of utilizing circulatory arrest in the subject operation." 432 F. Supp. 2d at 442. In *Hoffman*, the defendant was permitted to designate an expert for the first time after a mistrial, where the defendant had planned to use the co–defendant's disclosed experts in the first trial, but those experts did not testify because that co–defendant settled before trial. 2006 WL 3457201 at * 3. The *Hoffman* court determined that the prejudice to the plaintiff in allowing a new, previously undisclosed expert to testify during retrial was minimal because the expert would rebut the plaintiff's

expert and because while the plaintiff would have to pay to depose the new expert, it had not deposed either of the prior two experts that the co–defendant had intended to use. *Id.* Additionally, the *Hoffman* court ensured that plaintiff had ample time to depose the defendant's new expert and conduct limited written discovery. *Id.*

Here, Defendant contends that if Plaintiff is permitted to disclose an expert on cellulitis, he will be prejudiced both in additional cost and time, but also "by the injection of expert testimony not permitted in the initial trial in so much as [Defendant's] ability to use and rely upon previous trial testimony during the upcoming *re*–trial will be substantially compromised given the significant extent to which such a ruling will alter the complexion of the case." (Def.'s Mot. [Doc. # 120] at 8.)

The Court concludes that experts on cellulitis will not complicate the case to any significant extent, since the additional expert testimony only impacts the damages claimed, not Defendant's liability. The threshold dispute over whether Defendant used excessive force remains the same as during the first trial, and thus Defendant's ability to rely upon previous trial testimony would not be compromised. Moreover, Plaintiff sought to introduce medical records of cellulitis during the first trial, and although this Court did not allow Plaintiff to do so because such records were prejudicial and confusing without expert guidance, Defendant was on notice of Plaintiff's claim that his dog's actions resulted in Plaintiff's cellulitis. Thus, Defendant would not be prejudicially surprised by the subject matter of an expert on cellulitis for retrial.

Lastly, because it was unclear to the parties whether there would be a retrial until the Court's November 4, 2010 ruling on Defendant's motion for judgment as a matter of law,

Plaintiff's counsel's announcing his intention to disclose an expert witness for the retrial on November 8, 2011 was not undue delay.

On balance, permitting Plaintiff's new expert will advance the objective of trying a claim on its merits. To remedy Defendant's time and expense prejudice, Plaintiff will be required to pay Defendant's attorney fees at his usual hourly rate, incurred in deposing that expert and to bear the cost of the deposition transcript. Additionally, to alleviate scheduling prejudice to Defendant to be ready by the January 2011 trial date, trial will be rescheduled for June 2011, which will allow adequate time to depose Plaintiff's expert and disclose his own.

III. Conclusion

Accordingly, Defendant's [Doc. # 129] Motion to Preclude Disclosure of Expert Witnesses is DENIED. If Plaintiff does disclose an expert on cellulitis, trial will be rescheduled for June 2011, and Plaintiff shall pay the attorneys fees Defendant incurs in deposing that expert as well as the deposition and transcript costs. Counsel shall submit a proposed scheduling order for completion of expert discovery and shall advise of any dates of trial unavailability in June 2011.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 19th day of November, 2010.